PER CURIAM.
Appellant, Security Pacific Credit Corporation (“SPCC”) appeals the denial of attorney’s fees under section 57.105, Florida Statutes (1995), against attorney-appellee, Bruce Friedlander (“Friedlander”). We reverse, because Friedlander did not act in good faith where he re-litigated claims that had already been determined to be a sham.
When Friedlander entered this case, his client’s claims had already been struck down by the trial court in another action as a sham. Thus, it was clear that these claims lacked any justiciable issue, were devoid of merit and were completely untenable. See Muckenfuss v. Deltona, Corp., 508 So.2d 340 (Fla.1987); Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla.1982), receded from in part on other grounds, Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Morrone v. State Farm Fire and Cas. Ins. Co., 664 So.2d 972 (Fla. 4th DCA 1995); Bay Fin. Sav. Bank, F.S.B. v. Hook, 648 So.2d 305 (Fla. 2d DCA 1995); O’Brien v. Brickell Townhouse, Inc., 457 So.2d 1123 (Fla. 3d DCA 1984). However, Friedlander continued to litigate these claims for four years, despite the affirmance of the judgment striking the pleadings as a sham and the subsequent award of attorney’s fees for the lack of a justiciable issue under section 57.105. See Visoly v. Security Pacific Credit Corp., 625 So.2d 1276 (Fla. 3d DCA 1993), review denied, 637 So.2d 239 (Fla.1994); Visoly v. Bodek, 602 So.2d 979 (Fla. 3d DCA 1992). Accordingly, Friedlander cannot claim good faith under section 57.105 and the trial court should have -granted SPCC attorney’s fees.
Reversed and remanded with directions to award attorneys fees under section 57.105.