KLEIN, J.
Appellants installed a wood floor in their second floor condominium and the appellee condo association sought an injunction requiring removal of the floor. That action was abated so that the parties could arbitrate pursuant to section 718.1255, Florida Statutes (1994). The association prevailed *1218 in the arbitration, but the unit owners prevailed on a subsequent trial de novo. The trial court awarded the unit owners attorney’s fees for the trial de novo, but did not award fees for the arbitration, and the unit owners appeal. We reverse.
The unit owners argue that they should have been awarded attorney’s fees incurred in the arbitration proceeding either under the prevailing parties’ attorney’s fee provision in the declaration of condominium or section 718.1255, Florida Statutes (1993). The trial court concluded that because the owners did not prevail at arbitration, they were not entitled to fees for the arbitration under either the declaration or the statute.
In its 1993 form, which is applicable here, section 718.1255(4)(c) provided in part:
An arbitration decision shall be final if a complaint for a trial de novo is not filed in a court of competent jurisdiction in which the condominium is located within 30 days. The right to file for a trial de novo entitles the parties to file a complaint in the appropriate trial court for a judicial resolution of the dispute. The prevailing party may be awarded the costs of the arbitration and reasonable attorney’s fees, or both, in an amount determined in the discretion of the arbitrator.[1]
Section 718.1255(4)(d) provided in part:
The party who files a complaint for a trial de novo shall be assessed the other party’s arbitration costs, court costs, and other reasonable costs, including attorney’s fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing if the judgment upon the trial de novo is not more favorable than the arbitration decision. If the judgment is more favorable, the party who filed a complaint for trial de novo shall be awarded reasonable court costs and attorney’s fees.
Section 12.2 of the Declaration of Condominium provides that the prevailing party “shall be entitled to recover the costs of the proceeding and such reasonable attorney’s fees as may be awarded by the court” in “any proceeding arising because of an alleged failure of a unit owner ... to comply with the requirements of the declaration, articles of incorporation, by-laws, or regulations of the condominium association.”
The trial court concluded that because the unit owners, who prevailed on the trial de novo, did not prevail in the prior arbitration, the statutes do not provide for prevailing party fees for the arbitration. It then went on to reason that the prevailing party fee provision in the declaration of condominium was trumped by the statute and should not be given effect.[2]
We read the first quoted sentence of section 718.1255(4)(d) as providing for the assessment of attorney’s fees for both the arbitration and the proceedings occurring after arbitration (trial de novo) if the party seeking the trial de novo does not obtain a more favorable result than the arbitration decision. We read the next sentence of section 718.1255(4)(d) as providing that the party who seeks a trial de novo, and does obtain a more favorable result than the arbitration decision, recovers attorney’s fees for both the arbitration and the trial de novo proceedings. In *1219 other words, regardless of who prevails in the arbitration, where a trial de novo is instituted after arbitration, the party who prevails in the trial de novo proceedings by obtaining a judgment more favorable than the arbitration decision is awarded attorney’s fees for all proceedings.
The preceding paragraph in the statute, section 718.1255(4)(c), which authorizes attorney’s fees to be awarded to the prevailing party in the arbitration, is only applicable where the arbitration decision is a final decision. As the first quoted sentence of that paragraph provides, the arbitration decision is not final if a complaint for a trial de novo is filed. Under those circumstances there is no “prevailing party” in the arbitration for purposes of awarding prevailing party fees. Interpreting section 4(c) in this manner makes it consistent with section 4(d), and leads to the logical result that where arbitration is not final because a complaint for trial de novo is filed, the party who ultimately prevails is reimbursed for fees for all proceedings.
We therefore reverse that portion of the order denying fees for the arbitration.
WARNER, C.J., and TAYLOR, J., concur.

. The 1997 version of the statute provides that the prevailing party "shall” be awarded costs and attorney’s fees. Section 718.1255(4)(k).

. In concluding that the declaration of condominium was in conflict with the statute and therefore should not be given effect, the trial court was probably applying the principle that contract provisions which violate public policy underlying a statute can be void, Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc., 66 So.2d 818, 823 (Fla.1953). However, the fact that the statute does not authorize fees does not mean that the parties cannot independently agree to them. Public Employees Relations Comm’n v. District Sch. Bd. of DeSoto County, 374 So.2d 1005, 1014 (Fla. 2d DCA 1979) (a contract providing a different means to redress a grievance than was provided by a statute addressing grievances was not void, but rather created an alternative method).