VTLLANTI, Judge.
 

 Beach Terrace Association, Inc. (the Association), appeals the circuit court’s ruling that it was not entitled to an award of attorney’s fees pursuant to sections 718.303 and 718.1255(4)(i), Florida Statutes (2007). On cross-appeal, Wanda DiPaola Stephen Rinko General Partnership (DiPaola) challenges the trial court’s computation of prejudgment interest on the attorney’s fee award. On the Association’s direct appeal, we affirm without comment. On the cross-appeal, we reverse and remand for recomputation of prejudgment interest on DiPaola’s attorney’s fee award.
 

 We only need recite those facts relevant to the issue of the prejudgment interest award. DiPaola, a condominium owner, originally filed a petition for nonbinding arbitration pursuant to section 718.1255(4), Florida Statutes (2003). In essence, the petition challenged the manner in which the Association had undertaken certain alterations or changes to the condominium’s lobby area, as well as certain amendments to the Declaration of Condominium. After the arbitrator ruled in favor of the Association, DiPaola brought an action against the Association in circuit court for trial de novo on the same issues, pursuant to section 718.1255(4)(k). In its ruling, the circuit court reached a result that differed from the arbitrator’s ruling.
 

 Thereafter, DiPaola filed a motion to tax costs and attorney’s fees. On May 22, 2008, the circuit court determined that DiPaola was
 
 entitled
 
 to attorney’s fees pursuant to section 718.1255(4)(i), after concluding that DiPaola had obtained a judgment in the circuit court that was “more favorable” than the arbitrator’s decision. This order also reserved jurisdiction to determine the amount of the attorney’s fee award. The hearing on the
 
 amount
 
 of the fee award was held on September 19, 2008, but the court did not enter an order
 
 determining
 
 the amount of fees until December 23, 2008. The court’s December 23 order awarded prejudgment interest from May 22, 2008, through September 19, 2008, the date of the hearing to determine the amount of the fee award. Hence, the trial court did not include prejudgment interest from September 19, 2008, to December 23, 2008. This was error because it created a gap in the prejudgment interest award, thereby not making DiPaola “whole.”
 

 An award of prejudgment interest is intended to make the prevailing party “whole from the date of the loss once a finder of fact has determined the amount of damages[.]”
 
 Argonaut Ins. Co. v. May Plumbing Co.,
 
 474 So.2d 212, 215 (Fla.1985);
 
 see also Mathers v. Brown,
 
 21 So.3d 834, 834 (Fla. 4th DCA 2009) (noting that prejudgment interest is intended to compensate the successful claimant for the loss of the use of the money between the date when he is entitled to the money and
 
 *149
 
 the date of the judgment);
 
 Casey v. Cohan,
 
 740 So.2d 59, 63 (Fla. 4th DCA 1999) (holding that prejudgment interest is assessed “until the date the amount of the fee was fixed”). Here, we see no reason why this general principle should not apply to make DiPaola whole, and the circuit court gave no reason for its deviation from this principle. Therefore, the trial court should have included prejudgment interest from May 22, 2008, through December 23, 2008, the date of the judgment setting the amount of attorney’s fees. Accordingly, we remand for reeomputation of prejudgment interest.
 

 Affirmed in part, reversed in part with directions.
 

 SILBERMAN, J„ and FULMER, CAROLYN K, Senior Judge, Concur.