DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BLUE INFINITI, LLC** and **JORGE DIAZ-CUETO,**
Appellants,

v.

**ANNETTE CASSELLS WILSON** and **RICKY WILSON,**
Appellees.

Nos. 4D14-813 and 4D14-887

[July 8, 2015]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 12-23976 (11).

Jorge Diaz-Cueto, Miami, for appellants.

Herbert B. Dell of Herbert B. Dell, P.A., Fort Lauderdale, for appellees.

CONNER, J.

Blue Infiniti, LLC and Jorge Diaz-Cueto (collectively, "Blue Infiniti"), appeal the trial court's order granting the appellees' motion for attorney's fees as the prevailing party and motion for sanctions pursuant to section 57.105, Florida Statutes (2013). Blue Infiniti argues that the trial court erred in awarding prevailing party fees after Blue Infiniti voluntarily dismissed the case upon the appellees substantially paying the debt owed shortly after suit was filed, and in awarding section 57.105 fees without holding an evidentiary hearing and making written findings. We agree with Blue Infiniti's arguments as to both fee awards, and reverse.

*Factual Background and Trial Proceedings*

The facts of the underlying case arose out of a loan between sisters. Apparently because of the appellees' financial difficulties in paying their mortgage, Blue Infiniti, an entity owned by the lending sister, made a loan to the appellees, evidenced by a note and secured by another mortgage on the same property. In August 2012, after the appellees failed to make payments on the note, Blue Infiniti filed a three-count complaint against the appellees for: (1) foreclosure, (2) amount due, and (3) civil Racketeer

Influenced and Corrupt Organizations ("RICO").

Three weeks later, on September 13, 2012, the appellees sent to Blue Infiniti a letter claiming that the foreclosure count was premature because the note amount did not become fully due and owing until September 15, 2012, pursuant to the note's terms. Appellees enclosed a check in the amount which the letter stated was to satisfy the "amount due and owing together with interest." Litigation, however, proceeded. In January 2013, the appellees filed a motion for sanctions pursuant to section 57.105, as to only the RICO count, claiming that that count was not "[(a)] supported by the material facts necessary to establish that claim and/or (b) would not be supported by the application of existing law to the material facts pertaining to a Civil RICO claim." In May 2013, Blue Infiniti filed a notice of voluntary dismissal with prejudice for all three counts. In response, the appellees filed a motion for an award of prevailing party attorney's fees.

A hearing was held on the appellees' motion for sanctions pursuant to section 57.105 and motion for prevailing party attorney's fees. In support of its motion, appellees argued that since the litigation ended in a voluntary dismissal, they were the prevailing party, and cited case law in support of the position that a defendant is the prevailing party when the plaintiff voluntarily dismisses the case. They also argued that the civil RICO claim had no basis in law or facts, and therefore, Blue Infiniti should be sanctioned. Blue Infiniti countered that although a voluntary dismissal can result in the defendants as the prevailing party, the court had to look at the substance of the proceeding and dismissal, and since Blue Infiniti dismissed the case after the appellees substantially paid the amount that was owed, it was the prevailing party. However, when Blue Infiniti's attorney attempted to testify in response to the motion for section 57.105 sanctions, the trial court stated that it did not see how his testimony would be relevant.

The trial court entered its written order granting both of the appellees' motions, finding that the appellees were the prevailing party "based upon the Voluntary Dismissal, with Prejudice, filed by Blue Infiniti, LLC" and 57.105 fees were warranted because "the Civil RICO claim was frivolous." Blue Infinti gave notice of this appeal.

*Appellate Analysis*

<u>*Prevailing Party Attorney's Fees*</u>

"The standard of review for a trial court's ruling on the issue of prevailing party attorney's fees is abuse of discretion." *Newton v. Tenney,* 122 So. 3d 390, 392 (Fla. 4th DCA 2013) (citing *Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 213 (Fla. 2012)).

"[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). At the hearing, the appellees mainly quoted general case law stating that when a plaintiff voluntarily dismisses a case, then the defendant is the prevailing party. However, while this may be a general rule, there is a recognized exception that directly applies to this case.

*Padow v. Knollowood Club Ass'n,* 839 So. 2d 744 (Fla. 4th DCA 2003), dealt with the exception to the general rule and is factually similar to this case. There, a condominium association filed a complaint against Padow for failing to pay maintenance fees. *Id.* at 745. After the suit was filed, Padow sent the association a check for $2,000, which the association did not consider to have satisfied all of Padow's debt. *Id.* The association filed a motion for summary judgment, and the trial court denied its motion, finding that the $2,000 check had satisfied the fees and costs owed by Padow. *Id.* About seven months later, the association filed a voluntary dismissal without prejudice. *Id.* Padow then filed a motion for attorney's fees, as the prevailing party. At the fee hearing, the association explained it voluntarily dismissed the case "because it had gotten most of what it had sought when filing its suit and . . . it did not believe that it was worth while [sic] for a small [c]ondominium [a]ssociation to continue to litigate indefinitely under those circumstances." *Id.* (internal quotation marks omitted). The trial court denied Padow's motion for fees. *Id.*

On appeal, Padow quoted cases standing for the general proposition that a voluntary dismissal by the plaintiff results in the defendant as the prevailing party. *Id.* at 745-46. However, we stated:

> [A] defendant is not automatically the prevailing party for the purpose of an attorney's fee statute when a plaintiff takes a voluntary dismissal. Here, Padow cannot be a "prevailing party" within the meaning of section 718.303(1) because he paid the substantial part of the association's claim for delinquent assessments prior to the voluntary dismissal.

3

*Id.* at 746.  We also agreed with the trial court's reasoning behind finding that Padow was not the prevailing party, by explaining that, "to find that Padow was the prevailing party under these circumstances would require a plaintiff to fight every case to judgment, even though it 'achieved all of the legitimate goals of [its] suit,' which was not a goal of the legislature in passing the statute [allowing attorney's fees]."  *Id.* at 745-46.

The exception to the general rule discussed in *Padow* applies to this case.  Two of the three counts that Infiniti filed against the appellees were for the amount that the appellees owed on the note, with one of the counts seeking foreclosure.  Although the check that the appellees sent to Blue Infiniti, in an attempt to satisfy its debt, was for $1,575.00 less than the amount that Infiniti requested in its complaint[1], Blue Infiniti clearly recovered the majority of what it sought by filing suit.  Having received most of what it sought, Blue Infiniti dismissed all three counts, bringing litigation to an end.  The trial court improperly awarded prevailing attorney's fees in this case.

### Section 57.105 Attorney's Fees

"Generally, the standard of review of a trial court's order awarding section 57.105(1) attorney's fees is abuse of discretion.  However, to the extent a trial court's order on fees is based on an issue of law, this court applies de novo review."  *Lago v. Kame By Design, LLC*, 120 So. 3d 73, 74 (Fla. 4th DCA 2013) (citing *Ferere v. Shure*, 65 So. 3d 1141, 1144 (Fla. 4th DCA 2011)) (internal citation omitted).

The trial court's order imposed attorney's fees against both Blue Infiniti and its attorney in equal amounts.  Section 57.105, Florida Statutes (2013), provides:

> (1)  Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

---

[1] The difference between the amounts was exactly $1,575, the amount that Blue Infiniti stated was due and owing for late charges.

(a) Was not supported by the material facts necessary to establish the claim or defense; or

(b) Would not be supported by the application of then-existing law to those material facts.

. . . .

(3) Notwithstanding subsections (1) and (2), monetary sanctions may not be awarded:

(a) Under paragraph (1)(b) if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.

(b) Under paragraph (1)(a) or paragraph (1)(b) against the losing party's attorney if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts.

§ 57.105, Fla. Stat. (2013). Thus, in determining an award of fees under section 57.105, "[t]he [trial] court determines if the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." *Asinmaz v. Semrau*, 42 So. 3d 955, 957 (Fla. 4th DCA 2010) (quoting *Wendy's of N.E. Fla., Inc. v. Vandergriff*, 865 So. 2d 520, 523 (Fla. 1st DCA 2003)); § 57.105, Fla. Stat. (2013). "A trial court's findings must [] 'be based upon substantial competent evidence presented to the court at the hearing on attorney's fees or otherwise before the court and in the trial record.'" *Montgomery v. Larmoyeux*, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009) (quoting *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. 4th DCA 2001)); *Wapnick v. Veterans Council of Indian River Cnty., Inc.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013).

Excluding arguments made to the trial court during the hearing on their motion for fees, the appellees are unable to point to anything in the record that would constitute substantial competent evidence for the trial court to find that the RICO count filed by Blue Infiniti could not be supported by the facts or an application of existing law. Thus, a full

*evidentiary* hearing was necessary for the trial court to make such a determination against Blue Infiniti and its counsel. "A 'full hearing' is one during which the party was 'represented by counsel, examined witnesses, and had the opportunity to offer evidence.'" *Ferdie v. Isaacson*, 8 So. 3d 1246, 1250 (Fla. 4th DCA 2009) (quoting *Brinkley v. Cnty. Of Flagler*, 769 So. 2d 468, 472 (Fla. 5th DCA 2000)). Because the trial court did not allow Blue Infiniti's attorney to testify, even though he specifically informed the court that he appeared at the hearing in order to do so, neither he nor Blue Infiniti was afforded a full hearing on the issues. Additionally, the only finding that the trial court made in its order was its "finding the Civil RICO claim was frivolous." This falls short of the requirement that the trial court make *detailed* and *specific* findings of bad faith. "[I]f the trial court concludes that an award of fees under section 57.105 is an appropriate sanction, 'it should recite in its order the facts upon which it bases that conclusion.'" *Lago*, 120 So. 3d at 75 (quoting *Regions Bank v. Gad*, 102 So. 3d 666, 667 (Fla. 1st DCA 2012)); *see also Avis Rent A Car Sys., Inc. v. Newman*, 641 So. 2d 915 (Fla. 3d DCA 1994). It was therefore error for the trial court to impose sanctions upon Blue Infiniti and its attorney prior to affording a full opportunity to be heard and without making detailed findings in its order.[2]

Accordingly, we reverse the trial court's order awarding attorney's fees to the appellees as the prevailing party. We also reverse the trial court's award of attorney's fees to the appellees pursuant to section 57.105, and remand the case with instructions that the trial court afford Blue Infiniti, and its attorney, a full hearing on the 57.105 motion.

*Reversed and remanded.*

STEVENSON and GERBER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We also note that in connection with the assessment of fees against a party's counsel in which the attorney asserts good faith as a defense, this court has held that "[a] trial court's decision under section 57.105(1) must be supported by competent substantial evidence; therefore, it follows that a full evidentiary hearing on the good faith issue is necessary." *Ferdie*, 8 So. 3d at 1250. Our supreme court has also required that a trial court's order imposing sanctions upon an attorney pursuant to section 57.105 be supported by detailed factual findings, following the sanction notice and an opportunity to be heard. *See Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002)