# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-690
Lower Tribunal Consolidated Nos. 13-26294 and 12-690
_____

**Maria Gonzalez and Ida Leal,**
Appellants,

vs.

**International Park Condominium I Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rodney Smith, Judge, and Victoria S. Sigler and Judith L. Kreeger, Senior Judges.

Javier Guadayol, for appellants.

Essig Law, P.A., and William G. Essig, for appellee.

Before SUAREZ, C.J., and SALTER and SCALES, JJ.

SALTER, J.

Maria Gonzalez and Ida Leal ("Owners"), individual condominium unit owners and members of appellee, International Park Condominium I Association,

Inc. ("Association"), appeal a final judgment awarding attorney's fees and costs to the Association in the consolidated circuit court cases below. The issue presented is whether the Owners or the Association prevailed on the substantial issues in the lawsuits. Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So. 3d 204, 213 (Fla. 2012). We find that the Owners prevailed on those issues, and thus vacate the final judgment of attorney's fees and costs entered February 29, 2016, as well as the earlier order on the Association's entitlement to such fees and costs.

I.      The Lawsuits

In circuit court case 12-690, the Association petitioned for appointment of a receiver for the 75 units within the 312-unit condominium that were delinquent in their payment of assessments, section 718.116(6)(c), Florida Statutes (2012). The circuit court granted the petition and appointed a receiver for the delinquent units in late 2012. In early 2013, the receiver sought a modification of the receivership order to grant the receiver blanket authority to cast votes on behalf of those members then owning the units which were delinquent in paying assessments. The receiver's motion for modification was granted.

In April 2013, one of the Owners (appellee Maria Gonzalez) filed an emergency motion to limit the receiver's authority to cast any votes for units subject to the receivership, "as it would be in direct violation of the Association's

2

governing documents and contrary to Florida law." The trial court denied Ms. Gonzalez's motion. Thereafter, the initially-appointed receiver was discharged by the trial court for cause and a successor was appointed.

In August 2013, the Owners filed a separate action (circuit court case 13-26294) against the Association to compel the Association to comply with the Declaration of Condominium ("Declaration"), its articles of incorporation, its by-laws, and statutory provisions regarding voting rights for the unit owner/members ineligible to vote because of their delinquencies in the payment of assessments.[1] The 2013 and 2012 circuit court cases were consolidated in 2014.

In November 2014, the circuit court discharged the successor receiver on the court's own motion. The court then entered an order appointing a successor as receiver, but that order eliminated the prior receivers' power to vote on behalf of unit owners who were delinquent in their payment of assessments. That order substantially granted the relief sought by the Owners in circuit court case 13-26294. The Owners and the Association filed cross-motions for summary judgment, and in 2015 the then-presiding circuit judge[2] reaffirmed during a hearing

---

[1] The Owners' complaint against the Association in 2013 was filed after Ms. Gonzalez first sought non-binding arbitration of the issues before the Department of Professional Regulation, Division of Florida Land Sales, Condominiums, and Mobile Homes, as required by section 718.1255(4), Florida Statutes (2013). The final order of the Department authorized Ms. Gonzalez to seek relief in the circuit court.

[2] Through no fault of any of the circuit judges who ruled in the two consolidated

3

that she had "already stripped the receiver of [the delinquent unit owners' voting] rights," the relief sought by the Owners.

Finding no further action necessary in the cases, the circuit court then entered a final judgment in favor of the Association and reserved jurisdiction regarding the Association's motion for an award of attorney's fees and court costs. Following the retirement of the circuit judge who entered that final judgment, another circuit judge entered an order of entitlement to attorney's fees and costs in favor of the Association, but did not fix the amount of attorney's fees and costs. A third circuit judge then conducted an evidentiary hearing on the amount of attorney's fees and costs, and on February 29, 2016, entered a final judgment awarding the Association $9,150.00 in attorney's fees and $488.25 in taxable costs. The Owners' appeal followed.

II.    Analysis

The circuit court orders do not state a basis for the fee award. However, the Association sought fees under three statutory provisions: section 718.1255(l), Florida Statutes (2014) (fees for litigating after alternative dispute resolution); section 718.303, Florida Statutes (2014) (fee award for prevailing party in action to enforce Declaration); and section 57.105, Florida Statutes (2014) (fees for

cases, three different judges heard different aspects of the cases at different times. The last circuit judge to hear the cases ruled on the attorney's fee motions and cannot be faulted for lacking the full four-year history of the cases.

4

frivolous litigation). All three of the statutes award attorney's fees to the prevailing party. Fee statutes are strictly construed because there is no common law right to attorney's fees. <u>Trytek v. Gale Indus., Inc.</u>, 3 So. 3d 1194, 1199 (Fla. 2009). In this case, an award of attorney's fees to the Association is not warranted under any of the three statutes. Based on our determination that the Owners prevailed on the most significant issue in their case (eliminating the receiver's claimed right to vote on Association matters on behalf of the delinquent owners), the award of taxable costs must be reversed as well.

A. <u>Section 718.1255</u>

The first provision, section 718.1255(l), specifies that the party who files a complaint for a trial de novo (following the mandatory non-binding arbitration procedure) shall be assessed the other party's arbitration costs, court costs, and other reasonable costs (including attorney's fees, investigation expenses, and expenses for expert or other testimony or evidence incurred after the arbitration hearing), if the judgment upon the trial de novo is not more favorable than the arbitration decision. If the judgment is more favorable, the party who filed a complaint for trial de novo shall, upon motion, be awarded reasonable court costs and attorney's fees.[3]

---

[3] In the present case, the Owners did not cross-move for attorney's fees and costs, and they did not cross-appeal the 2015 final judgment denying any further relief to them in circuit court case 13-26294.

This statute does not support an award of fees to the Association in the present case; the result obtained by the Owners in the trial court was more favorable than the arbitration result. The Owners succeeded in stripping the receiver of the erroneously-ordered right to vote on behalf of the delinquent unit owners. In addition, the plain language of this statute requires that there be judgment upon the trial de novo. Trytek, 3 So. 3d 1194 at 1198. "[R]egardless of who prevails in the arbitration, where a trial de novo is instituted after arbitration, the party who prevails in the trial de novo proceedings by obtaining a judgment more favorable than the arbitration decision is awarded attorney's fees for all proceedings." Huff v. Vill. of Stuart Ass'n, Inc., 741 So. 2d 1217, 1219 (Fla. 4th DCA 1999). See Beach Terrace Ass'n, Inc. v. Wanda DiPaola Stephen Rinko Gen. P'ship, 27 So. 3d 147, 148 (Fla. 2d DCA 2010) (affirming award of fees to unit owner who was awarded judgment more favorable than arbitrator's decision).

No such trial de novo occurred here. The court disposed of the cases on motion for entry of judgment because the issues had been resolved. The outcome for the Owners was more favorable in the court action. The fee and costs award to the Association was not supported by this statutory provision.

      B.    Section 718.303

The second statute relied upon by the Association, section 718.303, provides that the prevailing party in a case of this kind by or against a condominium

6

association is entitled to recover reasonable attorney's fees. Under the statute, the "prevailing party" is the party that succeeds on any significant issue in the litigation, achieving some of the benefit the party sought in bringing the lawsuit. Padow v. Knollwood Club Ass'n, Inc., 839 So. 2d 744 (Fla. 4th DCA 2003); Moritz v. Hoyt Enters., Inc., 604 So. 2d 807, 810 (Fla. 1992). In this case, the unit owners prevailed in achieving a significant benefit they sought from the litigation: precluding the receiver from any further wrongful exercise of voting rights.

In the present case, the final judgment in the Association's favor is not the metric that determines which side prevails. See Shands Teaching Hosp. & Clinics, Inc., 97 So. 3d at 213 (Fla. 2012). The Owners were more successful. Village of Kings Creek Condo. Ass'n, Inc. v. Goldberg, 596 So. 2d 1195 (Fla. 3d DCA 1992) (finding that association is not prevailing party for fee award where final court order permitted owner to achieve some of his objectives); Martin v. Key Largo Kampground, Inc., 501 So. 2d 648 (Fla. 3d DCA 1986) (reversing attorney's fee award in association's action for removal of structure erected by tenant where removal was not granted and the only right the association gained was the right to be asked for approval). A fee award in favor of the Association under section 718.303 on this basis also was unwarranted based on the relief obtained by the Owners before the final judgment was entered.

     C.    Section 57.105

While it is improbable that the award was based on section 57.105, that third statute invoked by the Association also does not support an award of fees in this case. An award of fees under section 57.105 requires a determination by the court that "the party or its counsel knew or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015). The fact that the Owners obtained the relief they sought, as acknowledged by the initially-presiding trial judge at the 2015 hearing before the entry of the final judgment, demonstrates that their action was not frivolous. Moreover, to award attorney's fees under this statute, the court must make detailed, specific findings of bad faith, and should recite the facts on which it bases its conclusions in the order awarding such fees. Avis Rent A Car Sys., Inc. v. Newman, 641 So. 2d 915, 916 (Fla. 3d DCA 1994). That was not done here.

III.   Conclusion

Based on the foregoing, the final judgment of attorney's fees and costs and the order on the Association's amended motion for attorney's fees in the underlying consolidated cases are hereby vacated. The consolidated cases are remanded for the entry of a final judgment denying the Association's amended motion for attorney's fees and taxable costs against the Owners.

8

Final judgment and entitlement order vacated; case remanded for further proceedings consistent with this opinion.