# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2020.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D18-2616
Lower Tribunal No. 06-9516

————————————

**Meryl M. Lanson, et al.,**
Appellants,

vs.

**Justus W. Reid, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Mary Alice Gwynn, P.A., and Mary Alice Gwynn (Delray Beach), for appellant Baron's Stores, Inc.; Meryl M. Lanson, in proper person.

Kaplan Zeena LLP., and James M. Kaplan and Annette Urena Tucker, for appellees Mark R. Osherow & Mark R. Osherow, P.A.; and Boyd Richards Parker & Colonnelli, P.L., and Elaine D. Walter, Craig J. Shankman, and Yvette R. Lavelle, for appellees Justus W. Reid, Justus W. Reid, P.A., Peter Bernhardt, and Reid Metzger & Bernhardt, P.A.

Before EMAS, C.J., and SCALES, and HENDON, JJ.

HENDON, J.

Meryl M. Lanson, individually and as the Personal Representative of the Estate of Norman Lanson, and Baron's Stores, Inc. (collectively, the "Appellants"), appeal from the February 26, 2018 final judgment awarding section 57.105 attorney's fees and section 57.041 costs in favor of Justus W. Reid, Justus W. Reid, P.A., Peter Bernhardt, and Reid, Metzger & Bernhardt, P.A. (collectively, the "Reid Appellees"), and the November 27, 2018 order denying rehearing.[1] We affirm.

The underlying facts of this decades-long litigation have been laboriously recited in previous state and federal appeals and we decline to do so again.[2] The

---

[1] The Appellants also appealed from the trial court's March 27, 2017 final order dismissing with prejudice the Appellants' consolidated malpractice lawsuit against Mark R. Osherow, Mark R. Osherow, PA., and the Reid Appellees. In its final order, the trial court ruled that the Appellants had failed to state any cognizable cause of action against any defendant under any of the theories presented. In addition, the trial court determined that a cause of action for legal malpractice cannot exist as a matter of law where subsequent counsel had an opportunity to rectify prior counsel's alleged negligence and failed to do so. On March 6, 2019, this Court specifically ruled that because the Appellants' appeal of that final order was filed more than twenty months late, this Court lacked jurisdiction and, accordingly, dismissed the portion of the appeal directed to that final order. The only remaining issue on appeal is the ruling on the award of section 57.105 fees in favor of the Reid Appellees.

[2] See Lanson v. Kopplow, 56 So. 3d 779 (Fla. 3d DCA 2011); Lanson v. Kopplow, 46 So. 3d 566 (Fla. 2010); Lanson v. Kopplow, 990 So. 2d 1076 (Fla. 3d DCA 2008); Lanson v. Kopplow, 954 So. 2d 1170 (Fla. 3d DCA 2007); In re Baron's Stores, Inc., 2007 WL 1120296 (S.D. Fla. Apr. 12, 2007), aff'd Baron's Stores, Inc. v. Cooper (In re Baron's Stores, Inc.), 307 Fed. Appx. 396, 398 (11th Cir. 2009).

sole remaining issue on appeal is whether the trial court abused its discretion when it awarded the Reid Appellees section 57.105 fees.

*Standard of Review*

"[T]he award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion." DiStefano Constr., Inc. v. Fid. & Deposit Co., 597 So. 2d 248, 250 (Fla. 1992). A trial court's award of costs is also reviewed by appellate courts for an abuse of discretion. Albanese Popkin Hughes Cove, Inc. v. Scharlin, 141 So. 3d 743, 745 (Fla. 3d DCA 2014).

*Analysis*

An award of fees under section 57.105[3] requires a determination by the court that "the party or its counsel knew or should have known that the claim or defense

---

[3] Section 57.105, Florida Statutes (2019), provides, in part,

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

    (a) Was not supported by the material facts necessary to establish the claim or defense; or

    (b) Would not be supported by the application of then-existing law to those material facts.

asserted was not supported by the facts or an application of existing law." Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015). To award attorney's fees under this statute, the court must make specific findings of bad faith, and should recite the facts on which it bases its conclusions in the order awarding such fees. Gonzalez v. Int'l Park Condo. I Ass'n, Inc., 217 So. 3d 1128, 1133 (Fla. 3d DCA 2017). The statute has two separate standards: a "knew or should have known" standard under section 57.105(1), that requires courts to impose sanctions for any claim or defense that the losing party knew or should have known was not supported by the facts or law necessary to sustain the claim, and an "unreasonable delay" standard under section 57.105(3), that provides for the imposition of sanctions without regard for the substantive merits of a pleading or motion, and that applies whenever the court determines that the action was primarily undertaken to cause "unreasonable delay" in the proceedings. In determining an award of fees under section 57.105, "[t]he [trial] court determines if the party or its counsel knew

---

(2) At any time in any civil proceeding or action in which the moving party proves by a preponderance of the evidence that any action taken by the opposing party, including, but not limited to, the filing of any pleading or part thereof, the assertion of or response to any discovery demand, the assertion of any claim or defense, or the response to any request by any other party, was taken primarily for the purpose of unreasonable delay, the court shall award damages to the moving party for its reasonable expenses incurred in obtaining the order, which may include attorney's fees, and other loss resulting from the improper delay.

4

or should have known that the claim or defense asserted was not supported by the facts or an application of existing law." Asinmaz v. Semrau, 42 So. 3d 955, 957 (Fla. 4th DCA 2010) (quoting Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So. 2d 520, 523 (Fla. 1st DCA 2003)); Blue Infiniti, LLC v. Wilson, 170 So. 3d 136, 140 (Fla. 4th DCA 2015); Montgomery v. Larmoyeux, 14 So. 3d 1067, 1073 (Fla. 4th DCA 2009) (holding a trial court's findings must also "'be based upon substantial competent evidence presented to the court at the hearing on attorney's fees *or otherwise* before the court and in the trial record.'" quoting Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001)) (emphasis added).

The Appellants rely on the Blue Infiniti case for the proposition that they were deprived of an evidentiary hearing. In Blue Infiniti, however, the appellees could not "point to anything in the record that would constitute substantial competent evidence for the trial court to find that the RICO count filed by Blue Infiniti could not be supported by the facts or an application of existing law." Blue Infiniti, 170 So. 3d at 140. Thus, as the record was unclear whether Blue Infiniti had asserted a frivolous claim, an evidentiary hearing was warranted. In the Appellants' case, the record is very clear that the claims they asserted over the past decade were legally meritless.

The trial court held a hearing on whether the Reid Appellees were entitled to 57.105 fees.[4] The trial court in its order granting entitlement found, pursuant to section 57.105, that the record contained competent substantial evidence of the Appellants' frivolous filings and general disregard of court orders, specifically finding that the Appellants knew or should have known that their claims (a) were not supported by the material facts necessary to establish the claim or defense; (b) were not supported by the application of then-existing law to those material facts; and (c) Appellants' attorney, as a matter of law, is thus precluded from asserting good faith reliance upon the representations of the clients as a defense.

With that in mind, the trial court issued a Standing Order on fees. That order required the Appellants to make specific objections to the eleven years of detailed time and costs entries submitted by the Reid Appellees, and to state for each item whether the charge was agreed or contested. For each contested item, the Standing Order required the Appellants to state the basis for any objection and cite supporting authority. The multiple blanket objections filed by Appellants in response did not comply with the order, nor did they provide legal authority on which the objections

---

[4] The Appellants have not provided any transcript of that hearing, and thus the trial court's findings must be presumed correct. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (holding that, given the presumption of correctness of the trial court's ruling, where no transcript is provided to appellate court, then the appellate court is unable to conclude that the trial court abused its discretion).

were based. Further, the Appellants did not specifically object to the hourly rates for attorneys and paralegals contained in the Appellees' time records. Instead, the Appellants filed motions to strike, for protective orders, to sanction, etc.

The Standing Order on Fees recited that "[a]ny item not addressed shall be deemed agreed to and any objection thereto waived." As the trial court held a hearing on entitlement, heard argument, and subsequently gave the Appellants ample opportunity to contest the fees, the Appellants have been afforded due process. Failing to appropriately respond to the court's Standing Order on fees, the Appellants have waived any objections to the fee award. See Sec. Pac. Credit Corp. v. Oasis Plaza Corp., 714 So. 2d 1039, 1040 (Fla. 3d DCA 1998) (holding section 57.105 fees were warranted as counsel did not act in good faith by re-litigating claims that had already been determined to be without merit); O'Brien v. Brickell Townhouse, Inc., 457 So. 2d 1123, 1123–24 (Fla. 3d DCA 1984) (affirming fee award and holding there is no requirement that a trial court must take evidence to determine whether a matter is frivolous, it may do it on the record alone). Finding no abuse of discretion in the trial court's ruling, we affirm.

Affirmed.