# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-70
Lower Tribunal Nos. 18-16267 CC, 19-307 AP
_____

**Jared Lopez**,
Appellant,

vs.

**Dominic Cavagnuolo, et al.**,
Appellees.

An Appeal from the County Court for Miami-Dade County, Gina Beovides, Judge.

Law Offices of Paul Morris, P.A., and Paul Morris; Black, Srebnick, Kornspan & Stumpf, P.A., and Jared Lopez and Robert T. Dunlap, for appellant.

Law Offices of Anthony Accetta, P.A., and Anthony Accetta; Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez, for appellees.

Before EMAS, MILLER and LOBREE, JJ.

EMAS, J.

Jared Lopez, Esquire, counsel for plaintiff below, appeals a final judgment awarding attorney's fees against him as a sanction pursuant to section 57.105, Florida Statutes (2020).

Upon our review of the record, we affirm, and hold that the trial court committed no error in its determination that defendants were the prevailing party following the filing of a notice of voluntary dismissal, nor did the trial court abuse its discretion in its determination of the amount and reasonableness of the attorney's fees to be awarded. See Lanson v. Reid, 314 So. 3d 385 (Fla. 3d DCA 2020) (affirming sanctions under section 57.105 and noting that an "award of attorney's fees is a matter committed to sound judicial discretion which will not be disturbed on appeal, absent a showing of clear abuse of discretion"); Preferred Gov't Ins. Trust v. Aelion, 307 So. 3d 129 (Fla. 3d DCA 2020); Sec. Pac. Credit Corp. v. Oasis Plaza Corp., 714 So. 2d 1039 (Fla. 3d DCA 1998). See also Yampol v. Schindler Elevator Corp., 186 So. 3d 616, 617 (Fla. 3d DCA 2016) (noting that, in Thornber v. City of Fort Walton Beach, 568 So. 2d 914 (Fla. 1990), the Florida Supreme Court established the general rule that "when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party" and further noting "the Thornber Court did not exempt from its scope voluntary

dismissals without prejudice") (additional citations omitted). We reject without discussion the remaining claims raised by appellant.

As for any concern that this court's disposition will have a preclusive effect on the pending dissociation claim in the circuit court (lower tribunal case number 18-25431), we note that the sanctions order on appeal in the instant case was premised on facts which are independent of and unrelated to that pending circuit court claim, and further note that pending circuit court claim is being pursued by a third party, Mark Iacono, and not by L24M, LLC.

Affirmed.