TORPY, J.
 

 In this probate proceeding, we review the propriety of the trial court’s order denying Appellants’ claim for recovery of attorney’s fees. The trial court determined that the motion was untimely pursuant to Florida Rule of Civil Procedure 1.525. We affirm.
 

 
 *1177
 
 Appellants filed a petition for administration, claiming, in part, that a handwritten document dated August 13, 1978, was the last will of James Douglas Lawrence. Appellants’ petition requested that the court admit the handwritten document to probate and appoint them as personal representatives of Lawrence’s estate. On the same day, Appellants filed a declaration that the proceeding was adversary. After a trial was held on the petition in accordance with Florida Probate Rule 5.025, the court issued a final order denying Appellants’ petition for administration and refusing to admit the handwritten document to probate.. Appellants appealed the decision to this Court, which ultimately dismissed the appeal on March 1, 2007.
 

 On March 29, 2007, Appellants’ attorneys filed a petition for order authorizing the payment of attorney’s fees and expenses pursuant to section 733.106(2), Florida Statutes (2007). Appellees moved to strike the petition, arguing, in part, that the petition for fees and costs was untimely because it was filed seven months after the final order was entered instead of within thirty days as required by rule 1.525. The trial court granted the motion to strike.
 

 The central issue framed by the parties is whether the rules of civil procedure applied to the proceeding below. The resolution of this issue turns on whether the underlying dispute in probate court was an adversary proceeding. In a probate action, if the case is determined to be an adversary proceeding, it “shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.” Fla. Prob. R. 5.025(d)(2). Notwithstanding Appellants’ prior declaration that the dispute was adversary, they urge that it was not. We disagree.
 
 See
 
 Fla. Prob. R. 5.025(b) (proceedings are adversary if declared as such).
 

 Contrary to Appellant’s argument,
 
 In re Estate of Beeman,
 
 391 So.2d 276 (Fla. 4th DCA 1980), is distinguished. There, our sister court addressed the issue of whether the rules of civil procedure applied in a probate proceeding to determine fees of counsel for the estate. In ruling that the civil rules did not apply, the
 
 Beeman
 
 court emphasized that the proceeding below had not been “designated” an adversary proceeding. We think this finding distinguishes
 
 Beeman
 
 from this case. Here, the proceeding was declared as an adversary proceeding to determine the validity of the purported will and tried as such. Under these circumstances, the rules of civil procedure, and specifically, rule 1.525 were applicable. Therefore, the motion was not timely.
 
 [1]
 

 AFFIRMED.
 

 PALMER, C.J. and EVANDER, J., concur.
 

 [1]
 

 . We have not overlooked Appellants' other arguments, which we dismiss without discussion as either unpreserved or unmeritorious.