VAN NORTWICK, J.
 

 Doris Price appeals an order denying her petition for attorney’s fees in a proceeding that determined that her mother, Pauline Austin, was totally incapacitated. Although the trial court erred in denying fees on the basis stated in the order under review, the petition for fees was untimely filed and, thus, the trial court was right in denying fees, but for the wrong reason.
 
 Dade County School Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-46 (Fla.1999). Accordingly, we affirm.
 

 Appellant filed petitions to determine the incapacity of and to appoint a guardian for her mother. The petitions were opposed by appellant’s sister, Carol West. The trial court denied appellant’s petition for fees, explaining:
 

 The court previously admonished both daughters that their fight over who
 
 *790
 
 should be their mother’s guardian would be waged at their expense and not at their mother’s. There was never any question about whether their mother was incompetent, the overreaching question was which daughter should be the guardian. The court will not entertain any request for fees and costs by either daughter for costs and fees associated with this dispute.
 

 Under Florida law, an attorney is entitled to receive a reasonable attorney’s fee for professional services rendered and reimbursement of costs incurred for the benefit of the ward; payment of reasonable compensation is mandatory. § 744.108(1), Fla. Stat. (2008) (“[A]n attorney who has rendered services to the ward ... is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.”);
 
 In re Guardianship of Shell,
 
 978 So.2d 885, 890 (Fla. 2d DCA 2008) (Under section 744.108, the circuit court was not “at liberty to award anything more or less than fair and reasonable compensation for the services rendered or monies expended in each individual case.” (quoting
 
 Lewis v. Gramil Corp.,
 
 94 So.2d 174, 176 (Fla.1957));
 
 Butler v. Guardianship of Peacock,
 
 898 So.2d 1139, 1141 (Fla. 5th DCA 2005) (“Under section 744.108, in order to be entitled to receive attorneys’ fees, the attorney services must benefit the ward.”).
 

 Below, a notice that the proceeding for incapacity was adversary was served on June 12, 2008. On July 7, 2008, the court entered an order determining total incapacity. Over a year later, on September 18, 2009, appellant served a verified petition to approve payment of fees. Florida Probate Rule 5.025(d)(2) provides that, once a proceeding under the probate rules has been declared to be adversarial, it “shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, including entry of defaults.” Florida Rule of Civil Procedure 1.525 requires a motion for attorney’s fees to be filed “no later than 30 days after filing the judgment....” In
 
 Hays v. Lawrence,
 
 1 So.3d 1176, 1177 (Fla. 5th DCA 2009), the court held that, in a proceeding declared as adversarial, rule 1.525 governed a motion for attorney’s fees filed pursuant to section 733.106(2) and affirmed a denial of a claim for attorney’s fees as untimely under the rule. Although
 
 Hays
 
 involved a different fee statute than the case before us, section 733.106(2) and section 744.108, applicable here, are similar. Both statutes are legislative expressions of the desirability of the payment of attorney’s fees for services rendered under the specified proceeding.
 
 [1]
 
 Accordingly, because the petition for attorney’s fees was untimely filed under rule 1.525, the trial court’s order denying fees is AFFIRMED.
 

 DAVIS and ROWE, JJ., concur.
 

 [1]
 

 . Section 733.106 provides for an award of fees when a person in good faith offers a will for probate and when an attorney renders services to the estate. § 733.106(3). Section 744.108(1) provides for fees to "a guardian, or an attorney who has rendered services to the ward or to the guardian on the ward’s behalf.”