# Third District Court of Appeal

## State of Florida

Opinion filed February 21, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2314
Lower Tribunal Nos. 15-362, 14-6726
_____

**Michael J. Schlesinger, etc., et al.,**
Appellants,

vs.

**Anita Jacob,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Schlesinger & Associates, P.A., and Michael J. Schlesinger and Andrew S. Genden; Luis E. Barreto & Associates, P.A., and Luis E. Barreto, for appellants.

Rosenthal, Rosenthal, Rasco, LLC, and Steve M. Bimston and Eduardo I. Rasco, for appellee.

Before ROTHENBERG, C.J., and EMAS and LUCK, JJ.

EMAS, J.

Appellants Michael J. Schlesinger, of Schlesinger & Associates, P.A., and Luis E. Barreto, of Luis E. Barreto & Associates, P.A., appeal the trial court's order denying their motion for entitlement to attorney's fees and costs in an underlying guardianship proceeding. We reverse the trial court's order, which denied entitlement to attorney's fees under section 744.108(1), Florida Statutes (2016). That subsection provides:

> A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward.

Case law construing this provision uniformly holds that "an attorney's entitlement to payment of reasonable fees and costs is subject to the limitation that his or her services must benefit the ward or the ward's estate." In re G'ship of Ansely, 94 So. 3d 711, 713 (Fla. 2d DCA 2012); Thorpe v. Myers, 67 So. 3d 338 (Fla. 2d DCA 2011); Butler v. G'ship of Peacock, 898 So. 2d 1139 (Fla. 5th DCA 2005); Price v. Austin, 43 So. 3d 789 (Fla. 1st DCA 2010). See also Zepeda v. Klein, 698 So. 2d 329 (Fla. 4th DCA 1997). This court has adopted our sister courts' construction of section 744.108(1). See Losh v. McKinley, 106 So. 3d 1014, 1015 (Fla. 3d DCA 2013).

In denying the motion for attorney's fees, the trial court concluded that none of the services rendered by appellants benefitted the Ward. However, this conclusion is unsupported by competent substantial evidence in the record.

2

Indeed, appellants provided services which included: a petition to determine incapacity, which the trial court granted upon a determination, supported by clear and convincing evidence, that the Ward was totally incapacitated; and a petition to establish a plenary guardianship, which the trial court also granted, upon a determination that such was necessary "to provide for the welfare and safety of the Ward," and because there was no less restrictive alternative to plenary guardianship that would "sufficiently address the problems and needs of the Ward." As a result, the Ward received the full benefit and protection of a plenary guardianship of person and property under Florida law.

The trial court's order appears to have conflated the separate determinations of entitlement to attorney's fees with the reasonable amount of fees to be awarded. The court's determination of amount and reasonableness is guided by section 744.108(2), Fla. Stat. (2016) which provides:

> When fees for a guardian or an attorney are submitted to the court for determination, the court shall consider the following criteria:
>
> (a) The time and labor required;
>
> (b) The novelty and difficulty of the questions involved and the skill required to perform the services properly;
>
> (c) The likelihood that the acceptance of the particular employment will preclude other employment of the person;
>
> (d) The fee customarily charged in the locality for similar services;

(e) The nature and value of the incapacitated person's property, the amount of income earned by the estate, and the responsibilities and potential liabilities assumed by the person;

(f) The results obtained;

(g) The time limits imposed by the circumstances;

(h) The nature and length of the relationship with the incapacitated person; and

(i) The experience, reputation, diligence, and ability of the person performing the service.

Determining the amount of reasonable attorney's fees to be awarded lies within the discretion of the trial court, and such determination will not be disturbed unless there is a lack of competent substantial evidence to support the award. Gamse v. Touby, 382 So. 2d 115 (Fla. 3d DCA 1980). In exercising that discretion, the trial may well consider, for example, the extent to which the party engaged in unproductive litigation over who would be appointed guardian or where the party pursued other goals that did not benefit the ward or his estate. Thorpe, 67 So. 3d at 346.

We reverse the trial court's order denying appellants' motion for entitlement to attorney's fees and costs and remand for further proceedings consistent with this opinion.

ROTHENBERG, C.J., concurs.

LUCK, J., concurring specially:

I concur in the majority opinion because our court in <u>Losh v. McKinley</u>, 106 So. 3d 1014 (Fla. 3d DCA 2013) joined the other district courts in welding onto the guardianship attorney's fee statute, section 744.108(1), the requirement that an attorney's services "benefit" the ward for the attorney to be entitled to fees. We are bound to follow <u>Losh</u> until the en banc court or the Florida Supreme Court overrules it, even though the word "benefit" is found nowhere in section 744.108(1) ("A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward."). <u>See</u> <u>In re Rule 9.331, Determination of Causes by a Dist. Court of Appeal En Banc, Fla R. App. P.</u>, 416 So. 2d 1127, 1128 (Fla. 1982) ("[T]he suggestion that each three-judge panel may rule indiscriminately without regard to previous decisions of the same court is totally inconsistent with the philosophy of a strong district court of appeal which possesses the responsibility to set the law within its district.").

Courts adding words to a statute is bad for all the usual reasons. It takes us out of our lane as judges and usurps the power of the legislature to make the laws. <u>See</u> Art. III, § 1, Fla. Const. ("The legislative power of the state shall be vested in a legislature of the State of Florida, consisting of a senate composed of one senator elected from each senatorial district and a house of representatives composed of

5

one member elected from each representative district."); id. Art. II, § 3 ("The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.").  It substitutes our will for the will of the people as reflected in the laws enacted by their elected representatives.  See Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.-Liab. Ins. Guar. Ass'n, 74 A.3d 860, 873 (N.J. 2013) ("Legislation reflects the will of the people as enacted through their elected representatives.").  It upsets the delicate compromises and give-and-take that go into the legislative process. See Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1725 (2017) (Gorsuch, J.) ("Legislation is, after all, the art of compromise, the limitations expressed in statutory terms often the price of passage . . . .").  There are others.

But there is a specific harm in adding the requirement that an attorney's services must benefit the ward or the ward's estate.  Wards are vulnerable. Whether by age or incapacity, a guardian has to be appointed to make decisions on a ward's behalf.  Too often in our community, wards are taken advantage of by con artists, and even unscrupulous family members, financial institutions, professionals, and health care providers.  By authorizing attorney's fees for services rendered to the ward, the legislature sought to encourage concerned family members and other interested parties to investigate abuses of a ward and to bring

6

good-faith claims to the probate court. Those claims may not be successful in the end; it may turn out that the ward is not being taken advantage of or abused; but family members and other interested parties are rendering services to the ward by making sure they are well cared for and that the guardian is doing his or her job. By authorizing attorney's fees for services rendered to the ward, the legislature has essentially asked family members and interested parties, the ones best suited to watch over the ward, to be vigilant in protecting the ward's rights and bring to the trial court's attention good-faith concerns that the ward is being abused. As the legislature explained,

> it is the purpose of [the guardianship act] to promote the public welfare by establishing a system that permits incapacitated persons to participate as fully as possible in all decisions affecting them; that assists such persons in meeting the essential requirements for their physical health and safety, in protecting their rights, in managing their financial resources, and in developing or regaining their abilities to the maximum extent possible; and that accomplishes these objectives through providing, in each case, the form of assistance that least interferes with the legal capacity of a person to act in her or his own behalf.

§ 744.1012(3), Fla. Stat.

Consider this case. Even if the ward's daughter had been unsuccessful in her petitions, they triggered the trial court to appoint three doctors who were required to meet with the ward and his family physician and caretaker, diagnose him, and evaluate his capacity to manage his financial affairs and make medical decisions. Id. § 744.331(3)(g)1.-6. By filing and litigating the petitions, the

7

attorney rendered services to the ward by making sure he was being properly cared for and was of sound mind to exercise his rights.

Adding the requirement that an attorney's services must benefit the ward, as our district courts have done, has consequences that were not intended by the legislature. Under Losh and the other cases cited by the majority opinion, if the attorney services rendered to the ward are not successful, then the attorney is not entitled to fees. The result is that attorneys are less likely to represent family members and interested parties concerned about how the ward is treated because they will not get paid, and thus, fewer claims by family members and interested parties will be brought to court. The result is less oversight of the most vulnerable members of our community. Adding the benefit requirement to section 744.108(1) discourages attorneys from bringing guardianship claims that would otherwise be brought.

The legislature knows how to write attorney's fee statutes that require the lawsuit to end successfully. See, e.g., § 713.29, Fla. Stat. ("In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of her or his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of the prevailing party's costs, as allowed in equitable actions."); id. § 501.2105(1) ("In any civil litigation resulting from [a

deceptive and unfair trade practice] involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party."); id. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."). But section 744.108(1) was not written as a prevailing party attorney's fee statute. King v. Ferguson, Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., 862 So. 2d 873, 874 (Fla. 2d DCA 2003) (Villanti, J., concurring specially) ("Nothing in either section 744.108(1) or 744.108(2) entitles a party to an award of attorney's fees from the ward's estate simply because that party's position prevailed in the trial court."). It provides for attorney's fees where services were rendered to the ward. Losh and the other cases cited by the majority opinion are contrary to the legislature's decision to expand the scope of those entitled to attorney's fees to those who render services to the ward, and not just to successful parties, as it has done in countless other statutes.

The structure of section 744.108 also shows the legislature's intent that the benefit resulting from the litigation is not to be considered when determining whether the attorney is entitled to fees. Subsection (1) is the entitlement section, and says that an attorney who renders service to the ward is entitled to a reasonable fee for services rendered. § 774.108(1), Fla. Stat. Once the trial court determines

9

that an attorney is entitled to fees under subsection (1), subsection (2) provides the criteria for the court to consider in determining the amount of the fee award. Unlike subsection (1), subsection (2) requires the trial court to consider the "novelty," "difficulty," and "skill required" in rendering services to the ward; the "result obtained"; the "diligence" and "ability" of the attorney rendering services; and the ward's property. Id. § 744.108(2). These factors, unlike in subsection (1), go to the benefit received by the ward from the attorney's services. The trial court is authorized to reduce the fee award to account for the fact that little-to-no benefit resulted from the services rendered.

More importantly, what the structure of section 744.108 tells us is that the legislature knew how to account for the benefit to the ward, and did so in subsection (2) when considering the amount of the fees. The legislature deliberately left the benefit factors out of subsection (1). Losh and the other cases flip the analysis and consider the benefit factors at the entitlement stage.

By reading section 744.108(1) to require a benefit to the ward, we make it harder for family members and interested parties to bring claims on behalf of their loved ones, undercompensate attorneys who render services to a ward (although don't ultimately prevail in the case), and double count certain factors in the entitlement decision and then again when considering the amount to award. This is not what the legislature wrote and it is not what it intended.

10

In this case, adding a benefit requirement to section 744.108(1) does not affect the result because, as the majority opinion notes, the daughter's petitions were successful. The attorney prevailed. But in the appropriate case, where the added language does make a difference in whether the attorney is entitled to fees, I think we should recede from <u>Losh</u> and read section 744.108 as the legislature wrote it.