DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICHARD TICKTIN,**
Appellant,

v.

**KIM GOLDMINTZ,** as Guardian Advocate of Steven Howard Ticktin,
Appellee.

No. 4D2023-1501

[July 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel & Charles M. Green, Judges; L.T. Case No. MHC20-003090.

Randall Burks and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Barry S. Franklin of Barry S. Franklin & Associates, P.A., Aventura, for appellee.

LEVINE, J.

Richard Ticktin ("father") appeals a final judgment awarding Kim Goldmintz ("mother") $113,170.46 in attorney's fees. The father raises five issues: (1) the trial court erred in awarding attorney's fees under rule 1.380 concerning a discovery order, (2) the trial court erred in awarding attorney's fees under rule 1.510(h) relating to striking the father's affidavit, (3) the trial court erred in awarding attorney's fees under section 744.108 relating to summary judgment, (4) the trial court erred in awarding attorney's fees under section 744.3715(2) relating to a petition for interim judicial review, and (5) the trial court erred in determining the hourly rate and amount of attorney's fees. We affirm issues 1 and 4, reverse issues 2 and 3, and affirm issue 5 except to the extent the amount of fees is reduced due to the reversals in issues 2 and 3.

The parties are the divorced parents of two children with special needs.[1] Shortly before the older child turned eighteen, the mother moved to be

---

[1] This appeal involves only the older child.

appointed the child's guardian advocate pursuant to section 393.12, Florida Statutes (2020). After the child turned eighteen, the trial court granted the petition. Two months after the mother's appointment, the father moved to discharge and replace the mother as guardian advocate, alleging a conflict of interest and abuse of powers. Specifically, the father alleged the mother was obstructing his relationship with their child. The mother responded that her appointment was proper and there was no conflict of interest.

During the proceedings, the trial court entered four non-final orders which ultimately served as the basis for an award of attorney's fees: (1) a discovery order, (2) an order striking the father's affidavit, (3) an order granting summary judgment, and (4) an order granting judgment on the pleadings as to a petition for interim judicial review.

The mother moved to compel the father to provide responses to outstanding discovery. The trial court granted the motion, finding that the father's conduct was "inappropriate and untimely" and that the father's "lack of attention or refusal to timely" respond to discovery was "'unconscionable' and 'egregious.'" However, the trial court granted in part the father's two motions for enlargement and extension of time to respond to the outstanding discovery. The trial court found the mother was entitled to attorney's fees and costs for all services reasonably related to the motion and reserved jurisdiction to determine the amount.

The mother also moved for summary judgment on the father's motion to discharge and replace her as guardian advocate. The father filed an affidavit in response, alleging that the mother was alienating the older child from the father, abusing her powers, and not properly guiding the older child. The affidavit further alleged the mother had a duty to encourage the older child to maintain a relationship with the father, but she failed to do so. Other than the affidavit, the father did not file a defensive action or pleadings in response to the mother's motion for summary judgment.

The mother moved to strike the affidavit, arguing it was based on inadmissible hearsay, opinion, and conjecture. Additionally, the mother claimed that the father filed the affidavit in bad faith. The motion sought attorney's fees pursuant to Florida Rule of Civil Procedure 1.510(h).

The trial court granted the motion to strike the affidavit, finding that the affidavit was "based on nothing but speculation as well as inadmissible hearsay" and did not constitute "record admissible evidence to show disputed material facts." The trial court noted that the father had not filed

2

any legally sufficient record evidence in opposition to the mother's motion for summary judgment. The trial court reserved jurisdiction regarding the mother's right to recover attorney's fees and costs.

The trial court also granted the mother's motion for summary judgment, finding that the father's motion to remove the mother as the guardian advocate "contains a number of misleading, at best, and, at worst, patently false statements." There was no showing of any disqualifying conflict of interest or any breach of fiduciary duty. The father did not file any evidence in opposition to the mother's motion for summary judgment other than his affidavit, which was stricken. According to the trial court, there was "not a scintilla of evidence to support any of the assertions made within" the father's motion. The trial court further found that the father "utterly failed to develop/advance or present to this Court, the most minute evidence to support any assertion that he has made against the Guardian Advocate." Instead of "acknowledg[ing]" and "respecting" the older child's "choice as a person over the age of eighteen (18) to make decisions whether or not to have visitation," the father "simply seems to blame the Mother . . . for [the older child's] decisions. In doing so, [the father] puts forth absolutely nothing to support any accusations that he has made against the [mother]." The summary judgment order found that the mother was entitled to an award of reasonable attorney's fees and costs against the father pursuant to section 744.108(1), Florida Statutes (2021), as well as *Golden v. Goldberg*, 307 So. 3d 852 (Fla. 3d DCA 2020), and *Schlesinger v. Jacob*, 240 So. 3d 75 (Fla. 3d DCA 2018).

Meanwhile, almost one year after he filed his petition to discharge and replace the guardian advocate, the father filed a petition for interim judicial review, pursuant to section 744.3715, Florida Statutes (2021), requesting that the court establish a timesharing schedule between the father and the older child. The father again claimed the mother was alienating the parties' older child from the father.

The mother moved for a judgment on the pleadings, arguing the father was improperly attempting to relitigate the same issues previously raised in the motion to discharge the guardian advocate. The trial court granted the mother's motion. The trial court noted the similarities between the father's motion to discharge and his petition for interim judicial review and found that those same allegations could not, as a matter of law, be relitigated. The order noted the father was not precluded from filing a subsequent petition for interim judicial review in the future, provided it is based upon new allegations that occur after entry of the order. The trial court found the mother was entitled to attorney's fees.

3

The mother filed various motions for attorney's fees pursuant to the four non-final orders. The mother also moved for sanctions under section 57.105(1), Florida Statutes (2020), against the father. After a hearing before a successor judge, the trial court entered a final order awarding the mother $113,170.46 in attorney's fees. The order stated it did not address the mother's motion for section 57.105 fees and reserved jurisdiction over that request for a future hearing.

The father appeals the final order awarding attorney's fees as well as the four non-final orders that served as the basis for the award.

1. <u>Discovery order</u>

The father argues the trial court erred in awarding entitlement to fees and costs in the discovery order because that particular order granted, in part, the father's request for an extension of time, and the father provided his discovery responses within the time period required by that order.

"A trial court's imposition of sanctions for discovery violations is reviewed for an abuse of discretion." *Williams v. Prepared Ins. Co.*, 274 So. 3d 398, 404 (Fla. 4th DCA 2019).

Florida Rule of Civil Procedure 1.380, entitled "Failure to Make Discovery; Sanctions," provides:

> If the motion [for an order compelling discovery] is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys' fees. . . . If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.

Fla. R. Civ. P. 1.380(a)(4).

The trial court did not abuse its discretion in awarding attorney's fees as a sanction for the father's initial failure to comply with discovery, causing the mother to have to file a motion to compel. The trial court found the father's conduct was "inappropriate and untimely" and that the father's "lack of attention or refusal to timely respond" to discovery was "'unconscionable' and 'egregious.'" Rule 1.380(a)(4) expressly authorizes attorney's fees where, as here, the mother had to move for an order

4

compelling discovery. The fact that the father may have complied within the deadline set forth within the trial court's order compelling discovery does not extinguish or diminish the mother's entitlement to fees. The fact remains that the father failed to comply with discovery, and the mother had to move to compel to get the father to comply. Nothing in rule 1.380 suggests that belated compliance with discovery precludes an award of attorney's fees. To the contrary, subsection (a)(4) specifically authorizes fees in this type of situation.

The father also argues that rule 1.380(a)(4) provides that where, as here, a motion to compel discovery is granted in part and denied in part, the court may apportion among the parties the reasonable expenses incurred as a result of making the motion. The father misconstrues the nature of the order. The trial court granted the mother's motion to compel discovery is its entirety. The only motion granted in part was the father's motion to extend the time to comply with the request for discovery. Thus, the mother was entitled to an attorney's fee award for "reasonable expenses incurred in obtaining the order" to compel discovery. Fla. R. Civ. P. 1.380(a)(4).

## 2. Order striking affidavit

The father argues that the trial court erred in awarding entitlement to fees and costs in the order striking the father's affidavit. The father points out that the order did not award entitlement to fees and costs; rather, it reserved jurisdiction regarding the mother's right to recover fees and costs.

"If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result." Fla. R. Civ. P. 1.510(h). A trial court's decision to award attorney's fees under this rule is reviewed for abuse of discretion. *Mandawala v. Baptist Sch. of Health Pros.*, No. 23-50258, 2024 WL 1461943, at *4 (5th Cir. Apr. 4, 2024) (applying the federal equivalent of rule 1.510(h)).

The trial court erred in awarding attorney's fees under rule 1.510(h) because the order striking the father's affidavit did not award entitlement to fees and costs; rather, it simply reserved jurisdiction regarding the mother's right to recover fees and costs. Significantly, the trial court never made a determination of entitlement following this order. At the attorney's fees hearing, the successor judge appeared to assume that entitlement had already been determined when, in fact, nothing in the record shows that either the predecessor or successor judge ever determined entitlement.

5

Thus, we reverse and remand because the trial court awarded fees under rule 1.510(h) without first adjudicating entitlement. The reversal is without prejudice to the reimposition of fees if the trial court determines entitlement and makes the requisite statutory findings.

3. Order granting summary judgment

The father argues that the trial court erred in awarding entitlement to fees and costs in the order granting summary judgment. According to the father, section 744.108, Florida Statutes (2021), applies to guardians, not guardian advocates. Further, the statute requires that the person have been adjudicated incapacitated, which the older child was not. The father also argues that section 744.108 authorizes an award to be paid from the assets of the guardianship estate, not against the father.

Whether section 744.108 applies to this case is a question of law we review de novo. *See People's Tr. Ins. Co. v. Polanco*, 354 So. 3d 557, 559 (Fla. 4th DCA 2023) ("We review a trial court's determination of entitlement to attorney's fees based on interpretation of a statute de novo.").

We agree with the father that section 744.108 authorizes an award of fees only to a guardian and not to a guardian advocate. Because the mother was a guardian advocate, she was not entitled to fees under section 744.108. Simply put, there is no statutory authority for an award of fees to a guardian advocate under this statute.

Section 744.108(1) states: "A *guardian*, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred *on behalf of the ward*." (emphasis added). Subsection (2) identifies nine criteria the court shall consider in determining fees for a guardian, including "[t]he nature and value of the *incapacitated* person's property" and "[t]he nature and length of the relationship with the *incapacitated* person." § 744.108(2)(e), (h), Fla. Stat. (emphasis added). Attorney's fees awarded under this statute are "paid from the assets of the guardianship estate." § 744.108(8), Fla. Stat.

Section 744.102, Florida Statutes (2021), provides separate definitions for a "guardian" and a "guardian advocate." "'Guardian' means a person who has been appointed by the court to act on behalf of a ward's person or property, or both." § 744.102(9), Fla. Stat. "Ward" is defined as "a person for whom a guardian has been appointed." § 744.102(22), Fla. Stat. "'Guardian advocate' means a person appointed by a written order

6

of the court to represent a person with developmental disabilities under s. 393.12." § 744.102(11), Fla. Stat.  Section 393.12, in turn, states:

> A circuit court may appoint a guardian advocate, without an adjudication of incapacity, for a person with developmental disabilities, if the person lacks the decisionmaking ability to do some, but not all, of the decisionmaking tasks necessary to care for his or her person . . . .

§ 393.12(2)(a), Fla. Stat.; *see also* § 744.3085, Fla. Stat. (reiterating the language in section 393.12 and stating that "courts are encouraged to consider appointing a guardian advocate, when appropriate, as a less restrictive form of guardianship").

The plain language of section 744.108 makes clear that the recovery of fees applies only to guardians, not guardian advocates.  Nowhere in the statute does it mention guardian advocate.  The statute specifically limits recovery of fees to a "guardian" who has rendered services "on behalf of the ward." § 744.108(1), Fla. Stat.  The criteria to consider in determining fees for a guardian twice refers to an "incapacitated person." § 744.108(2)(e), (h), Fla. Stat.  Additionally, the fees awarded are "paid from the assets of the guardianship estate." § 744.108(8), Fla. Stat.  Significantly, the instant case does not involve a guardian, a ward, an incapacitated person, or a guardianship estate.

The mother was appointed guardian advocate—not guardian—and the older child was never adjudicated incapacitated.  "[B]y definition, attorney's fees and costs contemplated by section 744.108(1) relate to legal services performed and costs incurred after a finding of incapacity and appointment of a guardian for the ward." *Guardianship of Sanders v. Chaplin*, 334 So. 3d 723, 726 (Fla. 1st DCA 2022).  "[T]he one underlying consistency in the case law pertaining to fee awards under section 744.108 is that the alleged incapacitated person was adjudicated as such, thus becoming a ward, and a guardian was appointed to the ward." *In re Guardianship of Klatthaar*, 129 So. 3d 482, 486 (Fla. 2d DCA 2014).  Because the older child was not adjudicated incapacitated and does not have a guardian, the attorney's fees provision for guardians of incapacitated wards in section 744.108(1) simply does not apply to this case.  Finally, even if the statute did apply, which it does not, it would only authorize an award payable from the assets of the guardianship estate and not against the father personally.  *See* § 744.108(8), Fla. Stat. (stating that attorney's fees awarded under this statute are "paid from the assets of the guardianship estate").

7

The cases relied on by the trial court are distinguishable as they both involved a guardian, not a guardian advocate. *See Schlesinger*, 240 So. 3d at 76; *Golden*, 307 So. 3d at 852. Additionally, *Schlesinger* specifically referenced a ward who had been declared incapacitated. 240 So. 3d at 77. The additional case the mother relies on is also inapplicable, because that case involved an emergency temporary guardian. *See In re Guardianship of Beck*, 204 So. 3d 143 (Fla. 2d DCA 2016). In contrast with *Beck*, here the mother was never a guardian, not even temporarily. Rather, she is a guardian advocate and thus does not fall within the purview of section 744.108. This court cannot, and will not, add words to a statute that are not there. *See Armstrong v. City of Edgewater*, 157 So. 2d 422, 425 (Fla. 1963).[2]

In summary, there is no statutory authority for an award of fees to the mother under section 744.108. Section 744.108 applies to guardians, not guardian advocates, and authorizes a fee award only from a guardianship estate, not third parties. As such, we reverse the award of attorney's fees on this statutory ground.[3]

4. Judgment on the pleadings

The father argues that the trial court erred in awarding attorney's fees following a judgment on the pleadings against the father on his petition for interim judicial review. Specifically, the father argues that the order did not find the petition for interim judicial review to be meritless.

"Generally, a trial court's ruling on a motion for attorneys' fees is reviewed for abuse of discretion; '[h]owever, where entitlement depends on the interpretation of a statute or contract the ruling is reviewed de novo.'" *Kelly v. BankUnited, FSB*, 159 So. 3d 403, 405 (Fla. 4th DCA 2015) (citation omitted).

---

[2] We recommend that the legislature consider amending section 744.108 to include guardian advocates among those entitled to recover attorney's fees under this statute. We note that the legislature has already encouraged the use of guardian advocates. *See* § 744.3085, Fla. Stat. ("In accordance with the legislative intent of this chapter, courts are encouraged to consider appointing a guardian advocate, when appropriate, as a less restrictive form of guardianship.").

[3] This determination is to section 744.108 and is without prejudice to consideration of attorney's fees under section 57.105, which the trial court previously reserved jurisdiction over.

8

Section 744.3715(2), Florida Statutes (2022), states: "If the petition for [interim judicial] review is found to be without merit, the court may assess costs and attorney's fees against the petitioner." Although the trial court did not use the phrase "without merit," the trial court's findings clearly indicate that determination. The trial court noted the similarities between the father's motion to discharge and his petition for interim judicial review, and found that those same allegations could not, as a matter of law, be relitigated. An attempt to relitigate an issue which has already been determined adversely to the father is, by definition, "without merit." *See Lost Tree Vill. Corp. v. Bd. of Trs. of the Internal Imp. Tr. Fund*, 698 So. 2d 634, 636 (Fla. 4th DCA 1997) (finding appellant's "attempt to relitigate the same issue which was already determined adversely to" appellant was "without merit"); *Sec. Pac. Credit Corp. v. Oasis Plaza Corp.*, 714 So. 2d 1039, 1040 (Fla. 3d DCA 1998) (finding claims "devoid of merit" because they "had already been struck down by the trial court in another action"). The father's petition for interim judicial review was not based on any new facts or evidence that was not previously presented in the prior petition to remove the guardian advocate. Therefore, the trial court properly awarded fees for work performed in connection with the petition for interim judicial review. As such, we affirm on this issue.

5. Amount of fees

In addition to challenging the trial court's finding of entitlement to fees and award of fees for the entire case, the father also argues that the billing statements submitted by the mother's attorney contained objectionable time entries. The father further argues that the hourly rate for fees should be limited to $350 per hour, which he claims is the standard rate for guardian advocate attorneys in Broward County.

"We review the trial court's determination as to the amount of attorney's fees and costs for abuse of discretion." *El Brazo Fuerte Bakery 2 v. 24 Hour Air Serv., Inc.*, 330 So. 3d 552, 556 (Fla. 4th DCA 2021) (citation omitted).

Under the lodestar method for computing reasonable attorney's fees, the court determines the number of hours reasonably expended on the litigation and multiples it by a reasonable hourly rate. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150-51 (Fla. 1985).

The father contends that the mother's attorney's billing statements contained objectionable time entries. "To accurately assess the labor involved, the attorney fee applicant should present records detailing the amount of work performed." *Id.* at 1150. Here, the mother's attorney presented billing records detailing the work performed. Although the

father claims the billing statements contained objectionable time entries, the father presented no evidence supporting the numerous reductions sought and made no effort to cross-examine the mother's lawyer regarding the reasonableness of the fee sought. *See Sanchez v. Woerner Mgmt., Inc.*, 867 So. 2d 1173, 1174 (Fla. 1st DCA 2004) (finding error in decreasing fee award where "no evidence was submitted [o]n behalf of the numerous itemized reductions," and the appellee "made no effort to cross-examine [the appellant's] lawyer regarding the reasonableness of the fee he submitted for approval"). Therefore, the trial court did not abuse its discretion in declining to make any itemized reductions sought by the father.

The father also argues that the trial court erred in awarding an hourly rate of $550. "The party who seeks the fees carries the burden of establishing the prevailing 'market rate,' *i.e.*, the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." *Rowe*, 472 So. 2d at 1151. The trial court did not abuse its discretion in determining the hourly rate. The mother's counsel testified that he has been practicing in Florida since 1979 and that his hourly rate is $550. He had been awarded this hourly rate many times in the past, and his hourly rate was uncontested at a hearing on temporary fees a couple of years ago in the related family case.

Although the father argues that $350 is the standard and customary rate for guardian advocate attorneys in Broward County, the father did not present any evidence whatsoever supporting his claim. In fact, the father's own attorney in this case had an hourly rate of $450. It is within the trial court's discretion to find the mother's attorney's testimony credible and reject the father's argument. *See Siewert v. Casey*, 80 So. 3d 1114, 1116 (Fla. 4th DCA 2012) ("It is the role of the finder of fact, whether a jury or a trial judge, to resolve conflicts in the evidence and to weigh the credibility of witnesses.") (citation omitted). The trial court did not abuse its discretion in rejecting the father's argument that the hourly rate of $550 for the guardian advocate's attorney was unreasonable and excessive, with the trial court finding the services were "worth every penny." Accordingly, we affirm the trial court's determination of the hourly rate.

In summary, we affirm the trial court's award of attorney's fees under issues 1 and 4, and reverse the award of attorney's fees under issues 2 and 3. As to issue 5, we affirm concerning the issues of itemized deductions and hourly rate except to the extent the amount of fees is reduced by reversals in issues 2 and 3. As a result, we remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

CIKLIN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**