DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

In re Guardianship of Wayne Astor Beckford,
an incapacitated person.

CHARLES BECKFORD,

Appellant,

v.

HAMDEN BASKIN,

Appellee.

No. 2D2023-2657

_____

June 6, 2025

Appeal from the Circuit Court for Pinellas County; Pamela A.M.
Campbell, Judge.

Charles Beckford, pro se.

Hamden H. Baskin, III, and Jeffrey A. Eisel, Clearwater, for Appellee
Hamden Baskin.

LaROSE, Judge.

Charles Beckford challenges an order awarding attorney's fees to Hamden H. Baskin, the attorney for Donna Beckford.[1] Donna[2] is the former guardian of Wayne Astor Beckford. Mr. Baskin is entitled to fees for rendering legal services to Donna on Wayne's behalf. *See* § 744.108, Fla. Stat. (2022). Thus, we affirm.

## I.     Background

Charles is Wayne's son. Donna is Wayne's wife. After Wayne suffered an aneurysm in June 2020, Charles and Donna each petitioned the trial court to be Wayne's guardian.

Donna is a convicted felon. *See* § 744.309(3), Fla. Stat. (2020) ("No person who has been convicted of a felony . . . shall be appointed to act as guardian."). Nonetheless, the trial court believed that it had discretion under section 744.312 to appoint her as guardian. The trial court entered an order appointing Donna.

Charles appealed. We reversed, holding that "section 744.309(3), Florida Statutes (2020), disqualifies <u>any</u> individual with a felony conviction from being appointed guardian." *Beckford v. Beckford*, 368 So. 3d 1061, 1062-64 (Fla. 2d DCA 2023).

On remand, Donna resigned as Wayne's guardian. The trial court appointed successor guardians. Mr. Baskin sought attorney's fees for past services. *See* § 744.108, Fla. Stat. (2022). Charles objected. He asserted that Mr. Baskin was not entitled to fees for representing an "illegal" guardian. Mr. Baskin responded that he was entitled to fees for representing Donna and performing services for Wayne's benefit.

---

[1] We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A); *see also* Fla. R. App. P. 9.170(b)(23).

[2] For convenience, we refer to the Beckfords by their first names.

Notably, Mr. Baskin did not seek fees "relating to the appeal or the guardianship litigation itself."

Charles now appeals the trial court's award of fees to Mr. Baskin.

## II.  Discussion

"A guardian, or an attorney who has rendered services to the ward or to the guardian on the ward's behalf, is entitled to a reasonable fee for services rendered and reimbursement for costs incurred on behalf of the ward."  § 744.108(1).  Section 744.102(9) defines "guardian" as "a person who has been appointed by the court to act on behalf of a ward's person or property, or both."

We review questions of statutory construction de novo.  *See In re Guardianship of Beck*, 204 So. 3d 143, 147 (Fla. 2d DCA 2016) (citing *McDade v. State*, 154 So. 3d 292, 297 (Fla. 2014)).

The trial court appointed Donna to act on Wayne's behalf.  Thus, she was a "guardian" for purposes of sections 744.102(9) and 744.108(1).  *See In re Guardianship of Beck*, 204 So. 3d at 148 ("[R]egardless of whether Ms. Yates is a guardian appointed upon a determination of incapacity, she is a guardian for the purposes of section 744.108(1) if she (1) is a person appointed by the court (2) to act on behalf of the person or property (3) of a ward.").

Of course, this result does not render section 744.309(3) meaningless.  We reversed the appointment order, and Donna resigned as guardian.  *See Beckford*, 368 So. 3d at 1062.  Nevertheless, an attorney who rendered services to a guardian on a ward's behalf while the guardian was appointed—albeit incorrectly—remains entitled to attorney's fees under section 744.108(1).  *See In re Guardianship of Beck*, 204 So. 3d at 148.  The legislature did not condition entitlement to fees

3

on a person's qualifications to serve as guardian.[3]  *Cf. In re Guardianship of Sanders v. Chaplin*, 334 So. 3d 723, 728 (Fla. 1st DCA 2022) ("[T]here is no question the [l]egislature 'knows how to write attorney's fee statutes that require the lawsuit to end successfully.'  The [l]egislature declined to do so in section 744.108, and instead, provided for attorney's fees where services were rendered to the ward.  Section 744.108(1) is void of contingency or prevailing party semantics." (quoting *Schlesinger v. Jacob*, 240 So. 3d 75, 79 (Fla. 3d DCA 2018) (Luck, J., concurring))).

### III.  Conclusion

The trial court properly awarded attorney's fees to Mr. Baskin. Accordingly, we affirm.

Affirmed.

BLACK and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

---

[3] To the extent that legal services are unnecessary or unproductive, a trial court may reduce the amount of the requested fees based on the factors listed in section 744.108(2).  Charles does not quibble about the fee amount under section 744.108(2).  Thus, we need not address this issue further.